1

2

3

4

5

6

7

8

9      **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

10      **FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| 11 **JEREMY LATHROP,** | ) Case No. |
| 12           Plaintiff, | ) **COMPLAINT** |
| 13                v. | ) Personal Injury – Strict Products Liability – |
| 14 **WABASH NATIONAL CORPORATION,** | ) Negligence – Employers' Liability Law – |
| a Foreign Corporation; **TEC EQUIPMENT,** | ) Negligence *Per Se* |
| 15 **INC.** dba **TEC EQUIPMENT,** an Oregon | ) (Oregon Safe Employment Act) |
| Corporation; and **FEDEX CORPORATION,** | ) Filing Fee Based Upon: ORS 21.160(1)(d) |
| 16 a Foreign Corporation; | ) Amount in Controversy:  $2,870,000.00 |
| 17           Defendants. | ) (Demand for Jury Trial) |
| | ) (Not Subject to Mandatory Arbitration) |

18      Plaintiff alleges:

19                         **FIRST CLAIM FOR RELIEF**
             **(Against Defendant Wabash National Corporation**
20
                              **COUNT ONE**
21                        **(Strict Products Liability)**

22                                    1.

23      At all times material hereto:

24      a)      Plaintiff Jeremy Lathrop was a citizen of the state of Oregon, and was
                employed by FedEx Freight, Inc. ("FEDEX FREIGHT"), an Arkansas
25              corporation, at the FedEx Freight facility located at 750 N.E. Fazio Way, city
                of Portland, county of Multnomah, state of Oregon;
26

Page 1 – COMPLAINT

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

1    b)    Defendant Wabash National Corporation ("WABASH") was a duly
2          organized Delaware corporation, with a principal place of business located
          at 1000 Sagamore Parkway, S., city of Lafayette, county of Tippecanoe,
3          state of Indiana, doing business as a manufacturer, distributor, servicer and
          seller of truck trailers and related types of equipment, some of which were
4          sold, leased or rented to customers within the state of Oregon;

5    c)    Defendant TEC Equipment, Inc. dba TEC Equipment ("TEC") was a duly
          organized Oregon corporation, authorized to do business and doing
6          business within the state of Oregon as an authorized Wabash trailer dealer,
          also providing trailer maintenance and trailer service to owners of Wabash
7          trailers;

8    d)    Defendant TEC carried on regular and sustained business activity within
          Multnomah Couny by maintaining a principal place of business at 750
9          N.E. Columbia Boulevard, in the city of Portland, county of Multnomah,
          state of Oregon, and by also maintaining an office for trailer sales,
10         maintenance and service located at 9400 N.E. Vancouver Way in the city
          of Portland, county of Multnomah, state of Oregon;
11

12   e)    Defendant FedEx Corporation ("FEDEX") was a Delaware corporation
          authorized to do business and doing business as the parent company of
13         FedEx Freight, as well as other FedEx entities, with a principal place of
          business located at 942 South Shady Grove Road, in the city of Memphis,
14         county of Shelby, state of Tennessee.

15                                    2.

16         Defendant Wabash was the seller and/or lessor of a 2012 Wabash 8-foot Dry Van Duraplate

17   trailer (the "TRAILER"), with a Vehicle Identification Number ("VIN") of 1JJV482D1CL718076.

18   The Trailer was manufactured, tested, inspected, sold and/or leased, and distributed by defendant

19   Wabash.  The Trailer was designed in such a way so that the small step on the trailer's right side

20   was affixed with a bolt, that could loosen over time, rather than being affixed with a bracket, which

21   was a more permanent type of attachment, or being welded in place.

22                                    3.

23         Defendant TEC, as the authorized dealer of Wabash trailers in the Portland area, carried out

24   service and maintenance activities on the Trailer, subsequent to its initial sale or lease in 2012 to

25   FedEx Freight.

26   ///

Page 2 – COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

EXHIBIT A
Page 2 of 16

4.

On or about September 28, 2018, plaintiff was working within the course and scope of his employment as a truck driver for FedEx Freight. Mr. Lathrop was driving a tractor with the Trailer attached to it, carrying packages to be delivered to FedEx Freight's customers. Plaintiff was unsure of one of the addresses on one of the packages, so he pulled into the parking lot at the Swan Island McDonald's, located at 3110 N. Going Street, city of Portland, county of Multnomah, state of Oregon. Plaintiff went to the back of the trailer to verify the address, because it appeared to be inaccurate. Plaintiff was able to enter the rear of the Trailer without difficulty and pulled the sheets off the pallet to determine the correct address, which he then verified.

5.

As plaintiff was attempting to exit the rear of the trailer, with his left hand holding the accordion Trailer door tether and his right hand on the trailer frame, plaintiff placed his right foot on the small step on the Trailer's right side. As he pulled down and stepped his left foot from the Trailer bed to the painted Trailer bumper, the small step wobbled, and lurched forward, causing plaintiff to lose his balance and fall forward toward the Trailer, the direction in which he was facing. Plaintiff caught himself with his right hand on the Trailer bed. The accordion door, which was spring-loaded, came down hard and fast, crushing plaintiff's right hand.

6.

Plaintiff thereafter sought medical attention, and reported his injury to FedEx Freight's Operations Manager, who determined the cause of the injury was equipment failure. FedEx Freight sent the Trailer to a mechanic and had the bolt on the step tightened.

7.

The Trailer on which plaintiff was injured, was in substantially the same condition at the time of its use on September 28, 2018 as it was at the time of its manufacture, distribution, and sale by defendant Wabash to FedEx Freight.

///

Page 3 – COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

EXHIBIT A
Page 3 of 16

8.

Defendant Wabash knew, or in the exercise of reasonable care should have known, of the risk and danger created by failing to provide a proper means and method of affixing the right rear step on the back of the Trailer in such a manner so that it would not become loose over time and create a potential hazard. This was a reasonably foreseeable and unreasonably dangerous risk of harm, due to the nature of the use of these type of trailers by operators, who will be required to enter and exit the trailer many times a day. It was reasonably foreseeable that the bolt that was used to affix the steps to the rear of the Trailer would become loose over time and would permit the step to wobble or move when a user of the Trailer stepped on it.

9.

Defendant Wabash is strictly liable for manufacturing, designing, inspecting, testing, and selling the Trailer in an unreasonably dangerous and defective condition for the use intended, and not within the expectations of a reasonable consumer in one or more of the following particulars:

a)  The Trailer was defective and unreasonably dangerous because it did not have a securely fastened right rear step. The step was fastened with bolts that did not have good locking washers or nuts, and would become loose over time, and create the potential for unexpected wobble of the step. An alternate design would be to weld the step in place;

b)  The Trailer was defective and unreasonably dangerous because it did not utilize a stable method of affixing the rear step, but rather utilized bolts that would become loose with time, after foreseeable use of the trailer, which frequently moved back, up against, and into objects, such as loading docks, many times during a typical work day;

c)  The Trailer was defective and unreasonably dangerous because it did not contain adequate warnings, in the Operator's Manual and in decals prominently displayed on the Trailer itself, about the need for inspecting steps and handles and tightening the bolts on a periodic basis, because they could become damaged over time, and present the potential risk of unanticipated movement when a user was entering or exiting the Trailer, when defendant Wabash knew, or in the exercise of reasonable care should have known, of the reasonably foreseeable and unreasonably dangerous risk of harm that the step would not remain secure, and could move when a user was attempting to enter or exit the Trailer, creating the risk of a fall and/or an event where the automatic door came down unexpectedly because of the weight shift of the user;

Page 4 – COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

1    d)    In failing to adequately inspect the Trailer prior to its initial sale, which adequate inspection would have indicated the defects set forth in ¶9(a) through (c) above;

2

3    e)    In failing to adequately test the Trailer prior to its initial sale, which adequate testing would have indicated the defects set forth in ¶9(a) through (c) above.

4

5                                    10.

6          The negligence, fault, and strict liability of defendants, and each of them, in one or more of

7  the particulars set forth herein, was a substantial factor in causing, contributing to, and/or enhancing

8  the following injuries, many of which are permanent in nature:

9    a)    Traumatic crush injury;

10    b)    Right third digit proximal phalanx fracture;

11    c)    Non-union right fifth metacarpal neck fracture;

12    d)    Extensor tendon injury at the level of the fifth proximal interphalangeal joint ("PIP") without retraction;

13

14    e)    Puncture wound in palm of right hand;

15    f)    Pin tract infection following surgery;

16    g)    Pain in fingers in right hand;

17    h)    Ligamentous injuries related to the crush injury to the right hand.

18                                        11.

19          As a result of the aforementioned injuries, plaintiff underwent the following surgical

20  procedures:

21    a)    Open reduction and internal fixation of the right fifth metacarpal neck fracture;

22

23    b)    Closed reduction with percutaneous pinning fixations of the right third digit proximal phalanx fracture;

24

25    c)    Radiological x-rays taking multiple views of the right hand;

26    d)    Subsequent removal of pins.

Page 5 – COMPLAINT

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

EXHIBIT A
Page 5 of 16

12.

As a result of the negligence, fault, and/or strict liability the defendants, and each of them, in one of more of the particulars set forth herein, plaintiff incurred pain and suffering, loss of enjoyment of life, interference with normal activities, entitling him to an award of noneconomic damages in a reasonable amount, to be awarded by the jury, not to exceed the sum of $2,500,000.00.

13.

As a result of the negligence, fault, and/or strict liability the defendants, and each of them, in one of more of the particulars set forth herein, plaintiff has incurred reasonable medical, hospital, doctor, therapy, nursing, and rehabilitation expenses to date in the approximate sum of $90,000.00, and has lost wages to date in the approximate sum of $130,000.00. Plaintiff will incur future medical and related expenses in the approximate sum of $50,000.00, and future lost wages and employee benefits and/or loss of future earning capacity in the approximate sum of $100,000.00, all to his total economic damage in the approximate sum of $370,000.00.

14.

Plaintiff is entitled to pre-judgment interest at the legal rate of 9% per annum for his economically verifiable losses from the date of loss to the date of entry of judgment herein.

15.

Plaintiff reserves the right to amend his complaint at the time of trial to more completely allege his economic losses and/or to conform to proof offered at trial.

16.

Plaintiff hereby demands a jury trial.

///

///

///

///

Page 6 – COMPLAINT

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

EXHIBIT A
Page 6 of 16

**COUNT TWO**
**(Negligence)**

17.

Plaintiff realleges and incorporates herein ¶¶1 through 16 of Count One of his First Claim for Relief.

18.

Defendant Wabash, acting independently and through its employees, was negligent in one or more of the respects alleged in ¶9.

19.

The negligence of defendant Wabash, in one or more of the particulars set forth herein, was a substantial factor in causing plaintiff to suffer injuries, undergo surgeries, and incur damages as set forth in ¶¶10 through 14 of Count One of his First Claim for Relief.

**SECOND CLAIM FOR RELIEF**
**(Against Defendant TEC Equipment, Inc. dba TEC Equipment)**
**(Negligence)**

20.

Plaintiff realleges and incorporates herein ¶¶1 through 8 and 10 through 16 of Count One of his First Claim for Relief.

21.

At all material times, defendant TEC acted by and through its authorized employees and agents, who were acting within the course and scope of their employment and/or agency relationships.

22.

Defendant TEC, as the authorized Wabash dealer in the Portland area, performed maintenance and service activities on the Trailer.

///

///

Page 7 – COMPLAINT

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

23.

Defendant TEC, acting independently and/or by and through its employees, was negligent in one or more of the following particulars:

a)  In failing to identify loose bolts, add lock washers, and tighten the bolts on the right step on the rear of the trailer, thereby causing plaintiff to lose his balance and suffer injury, as previously described herein with greater particularity in ¶5;

b)  In failing to replace the screws with a bracket system or adding lock washers that would more efficiently stabilize the step, and make it less susceptible to becoming unstable over time;

c)  In failing to warn FedEx Freight of the potential risk or danger of the instability of the step because the bolts could come loose over time, at a time when defendant TEC knew, or in the exercise of reasonable care should have known, that it was an unreasonably dangerous and reasonably foreseeable risk of harm that the step would no longer be effectively secured, and would cause someone to lose their balance while entering or exiting the Trailer.

24.

The negligence of defendant TEC, in one or more of the particulars set forth herein, was a substantial factor in causing plaintiff to suffer injuries, undergo surgeries, and incur damages as set forth in ¶¶10 through 14 of Count One of his First Claim for Relief.

**THIRD CLAIM FOR RELIEF**
**(Against Defendant FedEx Corporation)**

**COUNT ONE**
**(Negligence)**

25.

Plaintiff realleges and incorporates herein ¶¶1 through 8 and 10 through 16 of Count One of his First Claim for Relief.

26.

At all material times, defendant FedEx acted by and through its authorized agents and employees, who were individually acting within the course and scope of their employment.

///

Page 8 – COMPLAINT

**PICKETT DUMMIGAN McCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

27.

Defendant FedEx, as the parent corporation, was engaged in a common enterprise with its subsidiary, FedEx Freight, plaintiff's employer, at the facility located on N.E. Fazio Way in Portland. Defendant FedEx exercised actual control over the facility, retained the right to control the facility, and/or supervised FedEx Freight's performance and the performance of FedEx Freight's employees at the facility.

28.

Defendant FedEx was in charge of and had care, custody and control over the work activity performed by plaintiff with his trailer after receiving a load at the facility, and promulgated policies with respect thereto.

29.

Defendant FedEx knew, or in the exercise of reasonable care should have known, prior to plaintiff's injury, that injuries while entering or exiting the rear of trailers are a significant source of workplace injuries for individuals operating delivery vehicles for FedEx Freight, as well as defendant FedEx's other subsidiaries, including FedEx Ground Package System, Inc. dba FedEx Ground. Despite this knowledge or imputed knowledge, defendant FedEx did not discuss with plaintiff, or his supervisors at FedEx Freight, particular safety issues surrounding entering and exiting trailers, such as the Wabash Trailer that plaintiff was using on the date of his injury.

30.

Defendant FedEx was negligent in one or more of the following particulars:

a)    In failing to require that the bolts on the Trailer's right rear step be tightened on a regular basis;

b)    In failing to require regular service and maintenance on the Trailer that included tightening the bolts on the Trailer's right rear step;

c)    In failing to require that the bolts on the Trailer's right rear step be replaced with lock washers, redesigned with a bracket system or welded, which would stabilize the step;

Page 9 – COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

EXHIBIT A
Page 9 of 16

1   d)   In failing to require that FedEx Freight employees adequately inspect the
2        trailers for potential hazards, such as loose bolts on the right rear step, as
         part of their daily work activities;

3   e)   In failing to adequately supervise and train and/or require supervision and
4        training of all workers at the facility in hazard recognition avoidance and
         prevention.

5                                          31.

6        The negligence of defendant FedEx, in one or more of the particulars set forth herein,

7   was a substantial factor in causing plaintiff to suffer injuries, undergo surgeries, and incur

8   damages as set forth in ¶¶10 through 14 of Count One of his First Claim for Relief.

9                                   **COUNT TWO**
                                **(Employers' Liability Law)**
10                        **(General Duty Not Based on Safety Codes)**

11                                         32.

12       Plaintiff realleges ¶¶1 through 8 and 10 through 16 of Count One of his First Claim for

13  Relief, and ¶¶26 through 30 of Count One of Plaintiff's Third Claim for Relief.

14                                         33.

15       At all times plaintiff was acting in the course and cope of his employment by FedEx Freight

16  as a truck driver.

17                                         34.

18       At all material times, there was in full force and effect in the State of Oregon an

19  Employers' Liability Law ("ELL") which provided in pertinent part as follows:

20       **ORS 654.305.** Generally, all owners, contractors or subcontractors
         and other persons having charge of, or responsibility for, any work
21       involving a risk or danger to the employees or the public shall use
         every device, care and precaution that is practicable to use for the
22       protection and safety of life and limb, limited only by the necessity
         for preserving the efficiency of the structure, machine or other
23       apparatus or device, and without regard to the additional cost of
         suitable material or safety appliance and devices.
24

25  ///

26  ///

Page 10 – COMPLAINT

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

35.

At all material times herein, defendant FedEx, and its employees, were in charge of and responsible for the work involving the risk or danger to plaintiff, to other employees, and/or to members of the general public.

36.

Defendant FedEx had control of the work being done, and/or retained the right to control the work, and/or was engaged in a common enterprise with plaintiff's employer, defendant FedEx Freight.

37.

Defendant FedEx failed to use every device, care, or precaution which was practical to use for the protection and safety of plaintiff's life and limb, without regard to cost, in one or the particulars set forth in ¶30 above together with the following additional particulars:

    a)    In failing to require FedEx Freight to develop and/or implement a reasonable safety policy to train employees in safety procedures, including how to safely enter and exit the rear of the trailer when delivering packages;

    b)    In failing to adopt inspection policies and procedures such that defendant FedEx could observe that FedEx Freight had no functioning system to prevent bolts from loosening on the rear steps of trailers, thereby creating a reasonably foreseeable and unreasonably dangerous hazard of a wobbly step;

    c)    In failing to implement effective inspection procedures to determine compliance with defendant FedEx's safety and training programs.

38.

Defendant FedEx's violations of the ELL, in one or more of the particulars set forth in ¶37 above, were a substantial factor in causing the injuries to, medical treatment of, and damages suffered by plaintiff, as set forth above in ¶¶10 through 14 of Count One of his First Claim for Relief.

///

///

Page 11 – COMPLAINT

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

**COUNT THREE**
**(Employers' Liability Law)**
**(Specific Duty Based on Safety Codes)**

39.

Plaintiff realleges ¶¶1 through 8 and 10 through 16 of Count One of his First Claim for Relief, ¶¶26 through 30 of Count One of Plaintiff's Third Claim for Relief, and ¶¶34 through 37 of Count Two of Plaintiff's Third Claim for Relief.

40.

At all material times there was in full force and effect in the State of Oregon the ELL which provided in pertinent part as follows:

> **ORS 654.310.** All owners, contractors, subcontractors, or persons whatsoever, engaged in the construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure, or in the erection or operation of any machinery, or in the manufacture, transmission and use of electricity, or in the manufacture or use of any dangerous appliance or substance, shall see that all places of employment are in compliance with every applicable order, decision, direction, standard, rule or regulation made or prescribed by the Department of Consumer and Business Services pursuant to ORS 654.001 to 654.295, 654.412 to 654.423 and 654.750 to 654.780.

41.

At all material times herein, there were in full force and effect certain safety codes, promulgated by the state of Oregon in the Oregon Revised Statutes ("ORS") and the Oregon Administrative Rules ("OAR"), and by the federal government of the United States in the Code of Federal Regulations ("CFR"). Defendant FedEx failed to comply with the following specific requirements, in one or more of the following particulars:

> a)    **ORS 654.010.** Employers to furnish safe place of employment. Every employer shall furnish employment and a place of employment which are safe and healthful for employees therein, and shall furnish and use such devices and safeguards, and shall adopt and use such practices, means, methods, operations and processes as are reasonably necessary to render such employment and place of employment safe and healthful, and shall do every other thing reasonably necessary to protect the life, safety and health of such employees.

Page 12 – COMPLAINT

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

EXHIBIT A
Page 12 of 16

1    Defendant FedEx violated the aforementioned safety code by failing to provide a safe

2    place of employment in that bolts on the right rear step of the Trailer that plaintiff was using on

3    September 28, 2018, became loose, thereby rendering the step unstable and creating a reasonably

4    foreseeable and unreasonably dangerous risk of harm because of loss of balance while stepping

5    on the loose step.

6         b)    **29 CFR §1926.20.**   General safety and health provisions. * * *

7              (b) Accident prevention responsibilities.

8              (1) It shall be the responsibility of the employer to initiate and maintain
              such programs as may be necessary to comply with this part.
9

10             (2) Such programs shall provide for frequent and regular inspections of
              the job sites, materials, and equipment to be made by competent persons
11             designated by the employers.

12    Defendant FedEx violated the aforementioned safety code by failing to initiate and

13    maintain a reasonable accident prevention policy, and by failing to provide for regular

14    inspections of the bolts on the right rear step of the Trailer by competent persons.

15        c)    **29 CFR §1926.21**   Safety training and education.

16             * * *

17             (b) *Employer responsibility.*

18             * * *

19             (2) The employer shall instruct each employee in the recognition and
              avoidance of unsafe conditions and the regulations applicable to his
20             work environment to control or eliminate any hazards or other exposure
              to illness or injury.
21

22    Defendant FedEx violated the aforementioned safety code by failing to instruct each

23    employee, including plaintiff, in the recognition and avoidance of unsafe conditions, *i.e.,* that the

24    bolts on the right rear step of the Trailer needed to be tightened on a regular basis in order to

25    avoid the creation of a hazard.

26    ///

Page 13 – COMPLAINT

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

EXHIBIT A
Page 13 of 16

1      d)     In violating OAR 437-001-0760 (1), which requires all employers to use
2                  all means and methods necessary to safely accomplish all work where
                    employees are exposed to a hazard;

3      e)     In violating OAR 437-001-0760 (7), which requires that all places of
                    employment must be inspected by a qualified person or person as often as
4                  the type of operation, unsafe conditions found by these inspections must be
                    replace, repaired, or remedied promptly;
5

6      f)     In violating OAR 654.010, by failing to furnish a safe place of
                    employment;
7

8      g)     In violating ORS 654.305, by failing to use every device, care and
                    precaution that is practicable to use for the protection and safety of life and
9                  limb;

10     h)     In violating OAR 437-003-0503, Training requirements, by failing to
                    adequately train plaintiff and his supervisors with respect to the need to
11                  inspect and tighten, if loose, the bolts on the right rear step of the Trailer.

12                    42.

13      Defendant FedEx did not use every device, care and precaution that is practical to use for

14  the protection and safety of life and limb, limited only by the necessity for preserving the

15  efficiency of the structure, machine, or other apparatus or device and without regard to additional

16  costs of suitable material or safety appliances or devices as required by ORS 654.305, by

17  violating one or more of the safety codes set forth in ¶41.

18                    43.

19      Defendant FedEx's violations of the ELL, in one or more of the particulars set forth in

20  ¶37 above, were a substantial factor in causing the injuries to, medical treatment of, and damages

21  suffered by plaintiff, as set forth above in ¶¶10 through 14 of Count One of his First Claim for

22  Relief.

23  ///

24  ///

25  ///

26  ///

Page 14 – COMPLAINT

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

EXHIBIT A
Page 14 of 16

1     **COUNT FOUR**
      **(Negligence *Per Se*)**
2     **(Oregon Safe Employment Act)**

3                                   44.

4         Plaintiff realleges ¶¶1 through 8 and 10 through 16 of Count One of his First Claim for

5     Relief, ¶¶26 through 30 of Count One of Plaintiff's Third Claim for Relief, ¶¶34 through 37 of

6     Count Two of Plaintiff's Third Claim for Relief, and ¶¶40 through 42 of Count Three of

7     Plaintiff's Third Claim for Relief.

8                                   45.

9         The Trailer that plaintiff was using on September 28, 2018, was a "place of employment"

10    as defined in ORS 654.005(8), part of the Oregon Safe Employment Act ("OSEA").  The facility

11    was a fixed structure where an employee worked temporarily or permanently, where a process,

12    operation, or activity related, either directly or indirectly, to an employer's industry, trade,

13    business or occupation.

14                                  46.

15        Defendant FedEx was an owner, as that term is defined in ORS 654.005(6), in that it had

16    ownership, control, and/or custody of the Trailer.

17                                  47.

18        Defendant FedEx was an employer, as that term is defined in ORS 654.005(6), in that

19    they had one or more employees.

20                                  48.

21        Defendant FedEx violated the OSEA by failing to comply with the one or more of the

22    specific requirements set forth in ¶41 above.

23                                  49.

24        Defendant FedEx's violations of the OSEA, in one or more of the particulars set forth in

25    ¶41 above, were a substantial factor in causing the injuries to, medical treatment of, and damages

26    suffered by plaintiff, as set forth above in ¶¶10 through 14 of Count One of his First Claim.

Page 15 – COMPLAINT

**PICKETT DUMMIGAN MCCALL LLP**
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

1    WHEREFORE plaintiff prays for judgment against defendants, and each of them, in the

2 sum of $2,870,000.00, for his costs and disbursements incurred herein, and for such other relief

3 as the court deems just and equitable.

4    DATED this 25th day of September, 2020.

5

6                                          _____
                                           J. Randolph Pickett, OSB #721974
7                                          R. Brendan Dummigan, OSB #932588
                                           Kimberly O. Weingart, OSB #091407
8                                          Shangar S. Meman, OSB #171205
                                           PICKETT DUMMIGAN MCCALL LLP
9
                                           of Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 16 – COMPLAINT

**PICKETT DUMMIGAN MCCALL LLP**
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

EXHIBIT A
Page 16 of 16