IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JEREMY LATHROP,**

        Plaintiff,

  v.

**WABASH NATIONAL CORPORATION**, a foreign corporation, **FEDEX CORPORATION**, a foreign corporation, and **TEC EQUIPMENT, INC.** dba **TEC EQUIPMENT**, an Oregon Corporation,

        Defendants.

No. 3:20-cv-02276-AC

OPINION AND ORDER

**MOSMAN, J.,**

On August 26, 2021, Magistrate Judge John Acosta issued his Findings and Recommendation ("F. & R.") [ECF 15]. Judge Acosta recommends that I grant Defendant FedEx's Motion to Dismiss for Lack of Personal Jurisdiction [ECF 12]. Plaintiff Jeremy Lathrop filed objections on September 9, 2021. [ECF 17]. FedEx responded on September 22, 2021. [ECF 18]. I agree with Judge Acosta.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

In his F. & R., Judge Acosta found that Mr. Lathrop failed to establish that FedEx purposefully availed itself of the benefits of the forum state. F. & R. at 9. I agree. Determining whether a party purposefully availed itself of the benefits of the forum state is the first part of a three-part inquiry used by the Ninth Circuit to determine whether a court can exercise specific personal jurisdiction over the defendant. *Id*. at 7 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

In his objections Mr. Lathrop cites a recently decided United States Supreme Court case, *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, __ US__, 141 S. Ct. 1017, 1026 (2021) where defendant had conceded that it purposefully availed itself of the benefits of the forum state. At issue in *Ford Motor Co.* was actually the second part of the three-part test—the connection between the claim and defendant's forum related activities. *Id*. Because *Ford Motor Co.* deals with a different prong of the jurisdictional analysis, it was well within Judge Acosta's discretion to not rely on or discuss *Ford Motor Co.* in his F. & R..

2 – OPINION AND ORDER

**CONCLUSION**

Upon review, I agree with Judge Acosta's recommendations, I ADOPT his F. & R. [ECF 15] as my own opinion, and I GRANT Defendant FedEx's Motion to Dismiss [ECF 12]. FedEx is dismissed from the case without prejudice.

IT IS SO ORDERED.

DATED this  28   day of September, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER